UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80586-CIV-MARRA

JONATHAN C. LAFONTIN,

Plaintiff,

vs.

SYNERGETIC COMMUNICATIONS, INC.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Synergetic Communications, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE 18).  The motion is fully briefed and ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

On August 3, 2010, Plaintiff Jonathan C. LaFontin, a citizen of Florida, filed a five-count Amended Complaint against Defendant Synergetic Communications, Inc., a Texas corporation. (Am. Compl. ¶¶ 3-4.)   The Amended Complaint alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") (counts one, two and three), the Florida Consumer Collection Practices Act, Florida Statute § 559.55 et seq. ("FCCPA") (counts four and five).  Specifically, Plaintiff claims that Defendant left telephone messages on Plaintiff's telephone which failed to disclose Defendant's identity and caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass.  (Am. Compl. ¶¶ 13, 19, 23.)  According to Plaintiff's Initial Disclosures, Plaintiff is seeking statutory damages, plus attorney's fees and costs as well as injunctive relief. (Plaintiff's Initial Disclosures, Ex. A,

attached to DE 18-1.)

On August 9, 2010, Defendant made a written settlement offer to Plaintiff offering $1001.00 to resolve Plaintiff's claims under the FDCPA, plus reasonable attorney's fees and costs to be determined by the Court. (Settlement Offer, Ex. B, attached to DE 18-1.)  Defendant then filed the instant motion on September 24, 2010, stating that Plaintiff failed to respond to its settlement offer and that the case should be dismissed for lack of subject matter jurisdiction because there is no longer a dispute over which to litigate the federal claim. (Mot. at 2.)  In responding to the motion,  Plaintiff has informed the Court that it accepted Defendant's offer to settle the FDCPA claim on October 6, 2010. (Resp. at 1.)  Furthermore, Plaintiff urges this Court to exercise supplemental jurisdiction over the remaining FCCPA claims.

Given that the parties have decided to resolve and therefore dismiss the federal claim against Defendant, Plaintiff's remaining state law claim will be also be dismissed.[1] This Court derives its jurisdictional authority over Plaintiff's federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[2]  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise

---

[1] The parties' settlement of the FDCPA claims makes resolution of Defendant's motion to dismiss for lack of subject matter jurisdiction moot.

[2] The Court recognizes that diversity of citizenship exists between the parties. However, there is no allegation that the amount in controversy exceeds $75,000.00, and given Plaintiff's initial disclosure, the Court concludes that such an amount could not be made in good faith.

supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction ...." Id. 28 U.S.C. § 1367(c)(3). Moreover, § 1367(c)(4) provides that the Court may decline to exercise supplemental jurisdiction over a state claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists. Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir.2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir.1997) ("After dismissing Panama's federal claims against the ... defendants, the district court correctly dismissed its remaining state law claims against these defendants"); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir.1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the parties have resolved the claim serving as the basis for original federal court jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. See Hinkle v. Asset Acceptance, LLC, No. 09-60928-CIV, 2010 WL 298396, at * 1 (S.D. Fla. Jan. 20, 2010) (declining to exercise supplemental jurisdiction over FCCPA claims once FDCPA claims were resolved).  As such, Plaintiff's state law claim is dismissed without prejudice. Plaintiff may pursue his state law claim in state court.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Given the parties' resolution of the federal claims, Defendant Synergetic Communications, Inc.'s Motion to Dismiss for Lack of Subject Matter

3

    Jurisdiction (DE 18) is **DENIED AS MOOT**.

2)   The federal claims brought pursuant to the FDCPA are hereby **DISMISSED WITH PREJUDICE** based on the parties' agreement that these claims have been settled.

3)   The claim brought pursuant to the FCCPA is **DISMISSED WITHOUT PREJUDICE**.

4)   The case is closed.  All pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of October, 2010.

_____
KENNETH A. MARRA
United States District Judge